COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


WILLIAM G. LUKE

MEMORANDUM OPINION[*]
v.   Record No. 0928-96-1                    PER CURIAM
                                          OCTOBER 1, 1996
TRUGREEN CHEMLAWN
AND
HOME INDEMNITY COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William E. Baggs, on briefs), for appellant.

            (W. Trent Dudley; Knight, Dudley, Clarke &
            Dolph, on brief), for appellees.


        William G. Luke ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in suspending his

award on the ground that he unjustifiably refused selective

employment offered to him by TruGreen Chemlawn ("employer").

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Findings of fact made by the commission will be upheld on appeal

if supported by credible evidence.  James v. Capitol Steel

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

─────────────────────

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In granting employer's application, the commission made the following findings:

> On January 10, 1995, Dr. [Andrew] Messer released the claimant to work four hours a day, standing and sitting at will with no deep bending. He reiterated this release on January 24, 1995.
>
> Thomas Brein, residential sales manager, testified that he offered the claimant light duty work as a telemarketer beginning January 11, 1995. He stated that the telemarketing work was identical to his previous sales work except it involved only the telephone. The claimant reported to work, but worked less than four hours. He worked sporadically until January 26, 1995, and was terminated on February 7, 1995, for failing to report to work. He has not worked since then.

Dr. Messer's medical records and opinions and Brein's testimony provide credible evidence to support the commission's decision. On June 21, 1995, Dr. Abbott Byrd, III, who examined claimant at employer's request, agreed with Dr. Messer's work release. In addition, none of the physicians who examined claimant could find an objective basis to support claimant's subjective complaints of severe pain. Rather, they found symptom magnification and recommended claimant undergo psychological counseling. Finally, no medical evidence indicated that claimant could not perform the light-duty position offered to him by employer. Based upon this record, the commission, as fact finder, was entitled to give little weight to claimant's testimony that he could not perform the light-duty job due to back pain.

For the reasons stated, we affirm the commission's decision.

Affirmed.